# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:18-cr-569-CEH-SPF

JOHN ROBERT FOCHE
_____

## ORDER

This matter comes before the Court on Defendant John Robert Foché's Motion to Continue Sentence on Home Confinement (Doc. 63) and Motion [for a] § 3582(c) Reduction in Sentence (Doc. 70). The Government has filed responses in opposition to both motions (Docs. 64, 74). Also before the Court is Foché's Motion for Review and Correct Time Credit (Doc. 99).

On July 30, 2019, Foché was sentenced to a total of 161 months' incarceration upon his guilty plea to offenses that occurred in August 2018. Doc. 43 at 1-2. He received concurrent terms of 41 months for robbery and conspiracy to commit robbery, as well as a consecutive term of 120 months for discharging a firearm in furtherance of a crime of violence. *Id.* Now 34 years old, Foché is incarcerated at FCI Jesup.

Foché requests to be released from incarceration onto home confinement and for his sentence to be reduced for a variety of reasons, including the COVID-19 pandemic. Docs. 63, 70. He further requests that he receive credit toward his sentence for the time he served in jail from the date of his arrest until he entered federal custody.

Doc. 99. Having considered the motions and being fully advised in their premises, the Court will deny the motions.

### A. Motion for Home Confinement

In his Motion to Continue Sentence on Home Confinement, Foché explains that he meets the requirements of § 12003(b)(2) of the CARES Act such that he should be released to home confinement. Doc. 63 at 1. Responding in opposition, the Government asserts that the Court has no authority to direct the Bureau of Prisons to place a defendant on home confinement. Doc. 64 at 8-10.

Foché relies on the following provision of the CARES Act in support of his request:

> HOME CONFINEMENT AUTHORITY—During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020).

However, the CARES Act does not grant authority to place defendants on home confinement to the judiciary. Rather, it expands the authority of the executive branch—the Bureau of Prisons and the Attorney General—to place an incarcerated individual on home confinement. *See United States v. Lepe-Cholico*, No. 21-11071, 2022 WL 1132366, *1 (11th Cir. April 18, 2022) (citing to CARES Act when noting that home confinement decisions "are within the discretion of the Attorney General");

2

*United States v. Pribyl*, No. 20-11848, No. 20-14333, 2022 WL 424874 (11th Cir. Feb. 11, 2022) (the CARES Act "does not provide the *judiciary* any additional authority to grant home confinement to a prisoner") (emphasis in original); *United States v. Groover*, 844 F. App'x 185, 189 (11th Cir. 2021) ("It is undisputed that the authority to place a prisoner in home confinement rests solely with the BOP rather than the judiciary"); *United States v. Pearson*, No. 21-10750, 2021 WL 4987940, *1 n.1 (11th Cir. Oct. 27, 2021) ("In any case, the district court lacked the authority to grant him relief under these provisions [of the CARES Act] because they place home-confinement decisions exclusively within the discretion of the Attorney General and the Bureau of Prisons.").[1]

Foché has not identified any authority aside from the CARES Act that would permit this Court to place him in home confinement. On the contrary, it is well-settled that the Bureau of Prisons is solely responsible for such decisions. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program...[b]ut decision making authority rests with the BOP."); 18 U.S.C. §3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the

---

[1] Unpublished opinions of the Eleventh Circuit are not binding precedent, but may be cited as persuasive authority. 11th Cir. R. 36-2; *see also United States v. Riley*, 706 F. App'x 956, 963-64 (11th Cir. 2017) (district court did not err by relying on an unpublished Eleventh Circuit opinion where the court understood the opinion's persuasive nature and did not err in its legal analysis).

core of prison administrators' expertise."). Thus, Foché's motion for release to home confinement must be denied.

### B. Motion Under 18 U.S.C. § 3582(c)

Foché also requests a sentence reduction pursuant to 18 U.S.C. § 3582(c). Doc. 70. He asks the Court to consider his lack of significant prior criminal history, his positive institutional performance, and the particular dangers that the COVID-19 pandemic poses to him because of a heart murmur. *Id.* at 1-2. He further argues that a sentence reduction is warranted by several factors that would have justified a downward variance at the time of sentencing: his mental and emotional health, his substance abuse history, the lack of evidence to support the sentencing enhancement he received for the use of body armor, and the lack of victim impact statements. *Id.* at 3-6.

The Government has responded in opposition to a sentence reduction. Doc. 74. The Government asserts that Foché has not filed a request for compassionate release to his warden, and therefore has not exhausted his administrative remedies. *Id.* at 6.[2] The Government further argues that he has not established an extraordinary and compelling reason for his release, and, in any event, the sentencing factors listed in § 3553(a) weigh against granting compassionate release. *Id.* at 7-16.

---

[2] The Government first argues that Foché is requesting relief pursuant to § 3582(c)(2), a subsection that does not apply to him because his sentence was not imposed in accordance with a range that has since been lowered. Doc. 74 at 4. However, the Court finds that Foché did not specify a subsection, and that his motion is most fairly read as being brought pursuant to § 3582(c)(1)(A)(i). To the extent Foché intended to request relief under § 3582(c)(2), the Court agrees with the Government that he is not eligible for such relief.

4

*1. Legal Standard*

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c). Effective December 21, 2018, section 603 of the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > >
> > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

5

>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Courts are to consider the factors listed in 18 § 3553(a), as applicable, as part of the analysis.[3] *See* § 3582(c)(1)(A).

### 2. *Exhaustion of Administrative Remedies*

First, the Court finds that Foché has not exhausted his administrative remedies. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the

---

[3] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)).

In his motion for a sentence reduction, Foché does not address the exhaustion of his administrative remedies. He also does not attach any documentation to show that he has applied for compassionate release from the Bureau of Prisons, nor assert that he has done so. In contrast, the Government submits documentation that Foché has not requested compassionate release from the Bureau of Prisons.

Because Foché has offered no evidence to demonstrate that he made any effort to exhaust his administrative remedies by first seeking compassionate release from the Bureau of Prisons Warden, and the Government's evidence indicates that he did not, the Court finds he has not exhausted his administrative remedies. Therefore, he may not pursue his claim in this Court and his motion is due to be denied.

### 3. *The Merits of the Motion for Sentence Reduction*

Even if Foché could show he exhausted administrative remedies, his motion nonetheless fails to show an extraordinary or compelling reason for a sentence reduction.

Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant must establish that a sentence reduction is warranted. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that "extraordinary and

7

compelling reasons" that permit the grant of compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1. This list of reasons is exhaustive. *Bryant*, 996 F.3d at 1265-66.

Here, Foché is 34 years old and did not become incarcerated until 2019. Thus, he does not qualify for compassionate release under the first provision of 18 U.S.C. § 3582(c)(1)(A) and must instead demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A). Foché has identified the following reasons for a reduction in his sentence: his minor criminal history, his positive institutional performance, the danger posted to him by COVID-19 because of his heart murmur, his mental and emotional health, his substance abuse history, an allegedly improper sentencing enhancement for the use of body armor, and the lack of victim impact statements. Doc. 70 at 1-6. Because these reasons do not correspond with the exclusive list of extraordinary and compelling reasons in the policy statement at U.S.S.G. § 1B1.13, cmt. n.1, however, Foché is not entitled to a sentence reduction.

Most of Foché's arguments do not fall under any category listed in the policy statement. He is correct that some of his reasons may, in some cases, support a request for a downward variance or departure from the guidelines range at the time of sentencing. *See* 18 U.S.C. § 3553(a)(1) (defendant's history and characteristics can

8

support a variance); U.S.S.G. 4A1.3, 5H1.3, 5H1.4, 5K2.10 (various factors that can support a departure). However, the Court is significantly restricted in its ability to modify or reduce a sentence that has already been imposed. *Bryant*, 996 F.3d at 1251 ("Finality is essential to the operation of our criminal justice system … That is why courts are generally forbidden from altering a sentence once it becomes final.") (quotations omitted). Because Foché's reasons are not contained in the policy statement, they are not permissible reasons to grant a sentence reduction at this limited stage. *See Bryant*, 996 F.3d at 1265-66.[4]

One of Foché's stated reasons could conceivably fall under one of the extraordinary and compelling reasons in the policy statement: his heart murmur and the particular dangers posed by the COVID-19 pandemic. Doc. 70 at 2. Under the policy statement, an incarcerated individual's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when he is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment

---

[4] The Court notes that Foché's mental health issues and substance abuse history were presented to the Court at the time of sentencing. Doc. 88 at 11-18. Further, his failure to challenge the body armor enhancement at sentencing forecloses his ability to do so now. *See Id.* at 4-6 (defense declining to object to facts contained in pre-sentence report or calculation of the sentencing guidelines range); Fed. R. Crim. P. 32(f)(1) (objections to the PSR must be submitted in writing in advance of sentencing); *United States v. Beckles*, 565 F.3d 832, 843-44 (11th Cir. 2009) (defendant's failure to object to statements in PSR renders them undisputed even in the absence of supporting evidence) (overruled on other grounds by *Descamps v. United States*, 570 U.S. 254 (2013)).

and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A). However, Foché has provided no other information about his heart murmur, including any medical documentation. *See United States v. Heromin,* 8:11-cr-550-VMC-SPF, 2019 WL 2411311, *2 (M.D. Fla. June 7, 2019) (Covington, J.) (denying motion for compassionate release due to lack of corroboration from medical provider). The Court therefore has an insufficient basis from which it could conclude that his heart murmur diminishes his ability to care for himself within the prison environment, such that it would constitute an extraordinary or compelling reason under the policy statement.

Moreover, the Eleventh Circuit has held that the COVID-19 pandemic does not permit the district court to deviate from the policy statement's requirements even where an incarcerated individual's medical condition may put him at particular risk of serious consequences from contracting COVID-19. *See United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (the confluence of defendant's medical conditions and the COVID-19 pandemic did not create an extraordinary and compelling reason for compassionate release); *see also*, *e.g.*, *United States v. Willhite*, No. 21-10441, 2022 WL 424817, *1-2 (11th Cir. Feb. 11, 2022) (same); *United States v. Pearson*, No. 21-10750, 2021 WL 4987940, *1-2 (11th Cir. Oct. 27, 2021) (same). Accordingly, Foché has not established that his medical condition and the COVID-19 pandemic constitute an extraordinary and compelling reason that warrants a sentence reduction.[5]

---

[5] Because the Court has determined that Foché is not eligible for a sentence reduction based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a).

10

None of Foché's stated reasons for a sentence reduction permit the Court to reduce his sentence under 18 U.S.C. § 3582(c). His motion must therefore be denied.

### C. Motion for Time Credit

In Foché's third motion, he asks the Court to review his sentence computation to ensure he receives credit for the time he served in jail between the date of the offense, August 17, 2018, through July 29, 2019. Doc. 99. He explains that the Court stated it would award such credit, but that the credit is not reflected on his sentence computation from the Bureau of Prisons ("BOP"). *Id.*

Under 18 U.S.C. § 3585(b), "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences…as a result of the offense for which the sentence was imposed…that has not been credited against another sentence." However, it is the Attorney General, acting through the BOP, rather than the Court, who is responsible for the computation of federal sentences pursuant to § 3585(b). *United States v. Wilson*, 503 U.S. 329, 334 (1992). The Eleventh Circuit has held that the BOP "initially possesses the *exclusive* authority...to compute sentence credit awards after sentencing." *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995) (citation omitted) (emphasis added). If a federal inmate wishes to challenge the BOP's computation of sentence credit awards, he must first exhaust his administrative remedies with the BOP before seeking judicial relief. *Id.* Once he has done so, he may challenge the administrative determination via a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See,*

*e.g.*, *Eupree v. Warden – FCI Miami*, 13-24413-CIV-Moreno, 2014 WL 11456077, * (S.D. Fla. Sept. 9, 2014).

Here, Foché is correct that the Court stated at sentencing it would recommend to the BOP that he receive credit for time served beginning on August 17, 2018, the date he was arrested by local authorities for the instant offenses. Doc. 88 at 33.[6] It appeared, from this Court's review, that Foché may be entitled to credit for this period pursuant to 18 U.S.C. § 3585(b).  Accordingly, the Judgment In a Criminal Case included that recommendation. Doc. 43 at 2.  However, the recommendation was exactly that: a recommendation.  The initial computation of Foché's sentence, including the decision of whether he is entitled to receive this jail time credit, is within the exclusive purview of the Bureau of Prisons.  Foché must therefore raise this question to the BOP.  If he receives an unfavorable decision and exhausts his administrative remedies, he may choose to file a petition for a writ of habeas corpus to challenge the BOP's determination.  In the meantime, this Court is without jurisdiction to provide the relief he requests.  The motion is therefore due to be denied.

Accordingly, it is **ORDERED**:

1. Defendant John Robert Foché's Motion to Continue Sentence on Home Confinement (Doc. 63) is **DENIED**.

---

[6] Specifically, the Court stated, "[T]hen I will include the request for time served back to…the date that you were arrested by local authorities for these offenses and they did not prosecute on these charges." Doc. 88 at 33.  The prosecutor then clarified that the United States Attorney's Office had asked the local authorities not to prosecute so that the United States would be able to do so instead. *Id.* at 34.

2. Foché's Motion [for a] § 3582(c) Reduction in Sentence (Doc. 70) is **DENIED**.

3. Foché's Motion for Review and Correct Time Credit (Doc. 99) is **DENIED**.

4. The Clerk is directed to mail Defendant Foché a copy of the Judgment (Doc. 43), along with a copy of this Order.

**DONE** and **ORDERED** in Tampa, Florida on November 17, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties